# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No._____

**ZAYO GROUP, LLC, a Delaware Limited Liability Company,**

      **Plaintiff,**

**v.**

**CITYLINK FIBER HOLDINGS, INC.,**
A New Mexico Corporation, and
**CITYLINK TELECOMMUNICATIONS NM, LLC,**
A New Mexico Limited Liability Company,

      **Defendants.**

## VERIFIED ORIGINAL COMPLAINT

COMES NOW Plaintiff Zayo Group, LLC ("**Plaintiff**" or "**Zayo**"), by and through counsel, and submits its *Verified Original Complaint* against Defendants CityLink Fiber Holdings, Inc. ("**CityLink Fiber**") and CityLink Telecommunications NM, LLC ("**CityLink Telecom**") (together "**Defendants**"). This filing is supported by the attached Exhibits and by the Verification of Lauren Lantero, Associate General Counsel for Zayo, incorporated by reference herein. In support of its Complaint, Zayo alleges and states as follows.

## PARTIES, JURISDICTION AND VENUE

1. Zayo is a Delaware limited liability company with its principal place of business in the State of Colorado. Zayo's sole member is Zayo Group Holdings, Inc., a Delaware corporation with its principal place of business in the State of Colorado.

2. VoIP360, Inc., is a Delaware corporation, and was acquired by Zayo Group Holdings, Inc. in 2011.

3. Upon information and belief, CityLink Fiber is a New Mexico corporation organized with its principal place of business located in New Mexico.

4. Upon information and belief, CityLink Telecom is a New Mexico limited liability company, and a subsidiary of CityLink Fiber. CityLink Telecom is a single member limited liability company and its sole member is John Brown. Upon information and belief, John Brown is a resident of New Mexico.

5. This Court may properly exercise jurisdiction over both parties and the subject matter of this action to 28 U.S.C. § 1332 in that complete diversity exists between the parties, and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in the District of Colorado pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and pursuant to Section 15.2 of the Master Service Agreement between VoIP360 and CityLink (the "**Agreement**"), which is attached hereto as Exhibit "1."

## STATEMENT OF FACTS

7. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

8. On or about February 23, 2009, Plaintiff and Defendant entered into an Agreement, pursuant to which Plaintiff promised to provide services to Defendant and Defendant promised to pay for such services. *See* Exhibit "1."

9. Under the Agreement, Defendant opened two (2) service accounts which are the subject of this litigation: Account Number 004759 ("**Acct. No. 4759**") and Account Number 012631 ("**Acct. No. 2631**").

10. Pursuant to the terms of the Agreement, Plaintiff provided services to Defendant on Acct. No. 4759 and Acct. No. 2631 and submitted monthly invoices to Defendant for same.

11. Defendant stopped paying Zayo for services provided on Acct. No. 4759 on or about October 1, 2012.

12. Defendant stopped paying Zayo for services provided on Act. No. 2631 on or about January 17, 2017.

13. However, due to the parties' relationship and in an effort of good faith, Zayo continued to provide services on both accounts even after Defendant stopped paying its monthly invoices.

14. Each month, Zayo continued to provide Defendant with monthly invoices reflecting its services.

15. Defendant did not dispute the invoices, but simply failed to pay them.

16. Zayo provided services on Acct. No. 4759 until on or about June 1, 2018

17. Zayo provided services on Acct. No. 2631 until on or about October 1, 2018.

18. As of the date of this Complaint, Acct. No. 2631 has a remaining account balance of $423,318.94, and Acct. No. 4659 has an outstanding account balance of $681,750.91.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

**Acct. No. 2631**

19. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

20. Defendant's refusal to pay Plaintiff for the services provided it constitute a material breach of the parties' Agreement.

21. As a result of this material breach, Plaintiff has been actually damaged in an amount to be proven at trial, but believed to be equal to at least $423,318.94.

22. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### Acct. No. 4659

23. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

24. Defendant's refusal to pay Plaintiff for the services provided it constitute a material breach of the parties' Agreement.

25. As a result of this material breach, Plaintiff has been actually damaged in an amount to be proven at trial, but believed to be equal to at least $681,750.91.

26. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

### Acct. No. 2631

27. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

28. At Defendant's request, Plaintiff provided services which Defendant accepted, but failed to pay. Accordingly, Defendant has been unjustly enriched at Plaintiff's expense.

29. Based on this unjust enrichment, Plaintiff has suffered damages in an amount to be determined at trial, but believed to be to be equal to at least $423,318.94.

30. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### Acct. No. 4659

31. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

32. At Defendant's request, Plaintiff provided services which Defendant accepted, but failed to pay. Accordingly, Defendant has been unjustly enriched at Plaintiff's expense.

33. Based on this unjust enrichment, Plaintiff has suffered damages in an amount to be determined at trial, but believed to be to be equal to at least $681,750.91.

34. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### (Account Stated)

### Acct. No. 2631

35. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

36. Each month, Plaintiff presented Defendant with the amount due for services provided by invoice.

37. At no time did Defendant object to Plaintiff's invoices. Following, it is implied that Defendant accepted Plaintiff's invoices as true and correct and promised to pay the amount stated.

38. Defendant has failed to pay the amount stated.

39. As a result of Defendant's failure to pay the amount stated, Plaintiff has been actually damaged in an amount to be proven at trial, but believed to be equal to at least $423,318.94.

40. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

## Acct. No. 4659

41. Plaintiff realleges and restates the above and foregoing paragraphs as if set forth fully herein and further alleges and states as follows:

42. Each month, Plaintiff presented Defendant with the amount due for services provided by invoice.

43. At no time did Defendant object to Plaintiff's invoices. Following, it is implied that Defendant accepted Plaintiff's invoices as true and correct and promised to pay the amount stated.

44. Defendant has failed to pay the amount stated.

45. As a result of Defendant's failure to pay the amount stated, Plaintiff has been actually damaged in an amount to be proven at trial, but believed to be equal to at least $681,750.91.

46. Plaintiff also seeks to recover its reasonable and necessary attorneys' fees, expenses of litigation, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

Plaintiff, Zayo Group, LLC, respectfully requests that this Court find in its favor and against Defendants CityLink Fiber Holdings, Inc. and CityLink Telecommunications NM, LLC as to all counts alleged herein, and enter judgment in Plaintiff's favor in the amount of

$1,105,069.85, plus accrued and accruing pre-judgment and post-judgment interest as allowed by law.  Additionally, Plaintiff respectfully requests attorneys' fees and costs as allowed by law, and by the terms of the Master Service Agreement, and all such other and further relief as this Court may find just and proper.

Respectfully submitted this 10th day of December, 2019.

                                               **HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

                                               By:   */s/Kendra Snyder*
                                               Kendra Snyder, CO Bar #50166
                                               1600 Stout Street, Suite 500
                                               Denver, CO 80202
                                               (303) 607-5450
                                               (918) 594-0505 (facsimile)
                                               ksnyder@hallestill.com

                                               Anthony J. Jorgenson
                                               100 North Broadway Ave.
                                               Suite 2900
                                               Oklahoma City, OK 73102-8865
                                               (405) 553-2828
                                               (918) 594-0505 (facsimile)
                                               ajorgenson@hallestill.com

                                               Amanda M. Lowe
                                               320 South Boston Ave.
                                               Suite 200
                                               Tulsa, OK 74103
                                               (918) 594-0810
                                               (918) 594-0505 (facsimile)
                                               alowe@hallestill.com

                                               **ATTORNEYS FOR PLAINTIFF ZAYO GROUP, LLC**

## **VERIFICATION**

STATE OF COLORADO       )
                        ) ss.
COUNTY OF BOULDER       )

I, Lauren Lantero, do hereby state that I am Associate General Counsel for Zayo Group, LLC. I have read the foregoing Verified Complaint and affirm that the statements contained therein are true and correct to the best of my knowledge.

_____
Lauren Lantero

Subscribed and sworn to before me on this __4__ day of December, 2019, by Lauren Lantero.

> KARA LEIGH SECORA
> NOTARY PUBLIC
> STATE OF COLORADO
> NOTARY ID 20164001664
> MY COMMISSION EXPIRES JANUARY 14, 2020

My commission expires on:

1/14/2020

_____
Notary Public

2011336.1:006214:00007

8